UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN WILLIAM LICCIONE,** <br> *United States of America ex rel.,* <br><br> **Plaintiff,** <br><br> v. <br><br> **VR SYSTEMS INC., et al.** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 25-cv-01028 (APM) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

Plaintiff John William Liccione, proceeding pro se, brings several claims against Defendants VR Systems, Inc. and its CEO, as well as numerous federal, state, local, and foreign government officials. Am. Compl., ECF No. 11 [hereinafter Am. Compl.], ¶¶ 8–23. Because Plaintiff fails to raise a substantial federal question and his claims are patently frivolous, the court *sua sponte* dismisses the Amended Complaint and this action.

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" or "obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it 'is patently insubstantial, presenting no federal question suitable for decision.'" (internal quotation marks omitted) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994))). Claims are insubstantial and frivolous if they are "essentially fictitious" because they advance, for example, "bizarre conspiracy theories." *Best*, 39 F.3d at 330

(internal quotation marks omitted).  In such cases, a district court may dismiss the case *sua sponte*. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008).

Here, Plaintiff alleges a conspiracy beginning when falsified ballot records tainted multiple elections in which he ran as a candidate.  Am. Compl ¶¶ 59, 81.  Despite repeated attempts to get local, state, and federal officials to investigate, Plaintiff received no response. *Id.* ¶¶ 73–80, 85, 99.  Plaintiff also filed election-fraud lawsuits, but several federal-government Defendants allegedly bribed a potential witness into silence by offering him a job within the Department of Justice's Civil Rights Division. *Id.* ¶ 94.  When Plaintiff spoke out against both the fraudulent election activity and various political officials more broadly, he received anonymous emails telling him that he may be detained, deported, or "[p]erhaps worse" by the new administration and that "[his] name is on The List." *Id.* ¶¶ 63, 115.  Plaintiff also received intelligence "from sources referred to herein collectively as '*Radio Putin*' indicating that Putin and Trump are conspiring" to have a terrorist assassinate him. *Id.* ¶ 122.  The same intelligence told Plaintiff that the National Security Administration had hacked his devices and that Russian officials had obtained some of the files. *Id.* ¶ 123.  The President was then allegedly caught on a hot microphone mentioning Plaintiff by name, saying that he sees Plaintiff "getting a funeral." *Id.* ¶ 125.  Ultimately, Plaintiff alleges that Defendants violated a host of federal laws as they conspired to conceal the falsified ballot records and then silence Plaintiff through retaliation. *Id.* ¶ 129.  Plaintiff seeks compensatory damages of over $50 million and punitive damages of over $200 million, along with other statutory damages and injunctive relief. *Id.* at pp. 73–75.

The court is mindful that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  But Plaintiff's claim is clearly fantastic, delusional, and "essentially

fictitious." *Best*, 39 F.3d at 330 (internal quotation marks omitted).  Accordingly, the court dismisses the Complaint and this action for lack of subject matter jurisdiction.

      A separate final, appealable order accompanies this Memorandum Opinion.

Dated: October 3, 2025

                                                 Amit P. Mehta
                                                 United States District Judge